**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.**

Jo Lynne Tadlock, on behalf of herself and
others similarly situated,

             Plaintiff,

v.

ADT LLC,

             Defendant

**CLASS ACTION COMPLAINT**

Plaintiff Jo Lynne Tadlock ("Plaintiff"), individually and on behalf of others similarly situated, alleges the following against ADT LLC ("ADT" or "Defendant").

**SUMMARY OF THE ACTION**

1.      On August 15, 2018, Plaintiff received a call from ADT promoting its security services.  Plaintiff has never been a customer of ADT and never consented to receive telemarketing calls from ADT.  Plaintiff brings this class action on behalf of herself and others who received ADT's telemarketing calls without consenting to receive such calls.

2.      Plaintiff seeks damages and other equitable and legal remedies resulting from the unlawful conduct of ADT in placing telemarketing calls to the cellular telephones of Plaintiff and Class members without their prior express written consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA").

**PARTIES**

3.      Defendant ADT LLC is a Delaware corporation with its headquarters and principal place of business in Boca Raton, Florida.

4.      Plaintiff Jo Lynne Tadlock resides in Bountiful, Utah.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's claims under the TCPA, 47 U.S.C. § 227, *et seq*.

6.      This Court has personal jurisdiction over ADT because its principal place of business is within this District and it has sufficient minimum contacts in Florida to render the exercise of jurisdiction by this Court proper and necessary.

7.      Venue is proper in this District under 28 U.S.C. § 1391(b) because ADT's principal place of business is within this District.

## FACTUAL ALLEGATIONS

**A.  ADT or its Agent Used an Autodialer and an Artificial or Prerecorded Voice to Make Telemarketing Calls to Plaintiff's Cellular Phone**

8.      Plaintiff's telephone number, (XXX) XXX-0961, is, and at all relevant times has been assigned to a cellular service.

9.      On August 15, 2018, Plaintiff received a voicemail on her cellular phone advertising a promotional offer for an ADT alarm system.

10.     The voicemail encouraged Plaintiff to press 1 to have an agent call her back or press 9 to talk to an agent immediately.

11.     The message says, "with break-ins on the rise and this great promotion, it's never been a better time to talk to us about an ADT alarm system for your home or business."

12.     The call came from the number 916-545-2799.

13.     The message did not provide a phone number that called parties can call back to make a do-not-call request.

2

14.     Plaintiff did not provide her cellular phone number to ADT and did not consent to receive these calls. She has no prior affiliation with ADT.

15.     Plaintiff's cellular phone number has been registered on the national do-not-call registry since August 4, 2010.

16.     ADT is aware of the TCPA's prohibitions against the use of automatic dialing systems and the use of artificial or prerecorded voices to make calls to cellular phones without the prior express consent of the called party.

17.     ADT has been sued multiple times for the same or similar calling behavior described in this complaint.

18.     ADT intentionally or willfully caused autodialed, telemarketing calls to be made to the cellular phones of Plaintiff and other consumers without their prior express written consent.

19.     ADT's calls to Plaintiff had no emergency purpose.  Rather, the calls were made for the purpose of promoting and selling ADT alarm systems.

**B. ADT or its Agent Used an Automatic Telephone Dialing System and an Artificial or Pre-recorded Voice**

20.     ADT called Plaintiff's cellular phone using an ATDS.

21.     The message Plaintiff received instructed called parties to press "1" or "9" to speak to an agent—a response that would be meaningful to an ATDS, but not a human caller.

22.      ADT, moreover, is a publicly traded company with a market cap close to $6 billion.  ADT services 8 million customers, which requires a sophisticated phone system capable of storing phone numbers and dialing them automatically.

23.     Other consumers have lodged complaints about similar telemarketing calls from ADT.

24.     ADT's public FCC filings demonstrate that its business model incorporates the use of an ATDS—such as the Avaya Proactive Contact 5.1 predictive dialer—to communicate with individuals and to make telemarketing calls.

25.     ADT's public filings also demonstrate that it sometimes uses third party vendors to make outbound calls on its behalf.

26.     ADT or its agent called Plaintiff's cellular phone using an artificial or pre-recorded voice.

27.     The tone and cadence of the voice on the message left on Plaintiff's cellular phone is characteristic of an artificial or pre-recorded voice. The robotic pacing and intonation of the voice audibly differs from a live human voice.

**C.  ADT's Violations of the TCPA Harmed Plaintiff**

28.     Plaintiff carries her cellular phone with her at most times so she can be available to family, friends, and her employer.

29.     ADT's call invaded Plaintiff's privacy and intruded upon her right to seclusion. The call interrupted her daily life and wasted her time by requiring Plaintiff to retrieve and review the message.

30.     ADT's call intruded upon and occupied the capacity of Plaintiff's cellular phone. ADT's message interfered with Plaintiff's use and enjoyment of her cell phone by occupying the phone's memory and storage and by consuming its battery life.

## CLASS ACTION ALLEGATIONS

31.     Plaintiff brings this lawsuit under Federal Rules of Civil Procedure Rules 23(a),

(b)(2), and (b)(3) as a representative of the following Class:

> Each person within the United States who (i) received any
> telephone call from ADT or an agent acting on its behalf;
> (ii) to said person's cellular telephone; (iii) through the use
> of an automatic telephone dialing system and/or with an
> artificial or prerecorded voice; (iii) which call was not made
> with the recipient's prior express written consent; and (iv)
> which call was made for the purpose of encouraging the
> purchase of goods or services.

32.     Plaintiff reserves the right to amend the class definition following an appropriate

period of discovery.

33.     Excluded from the Class are ADT, its employees, agents and assigns, and any

members of the judiciary to whom this case is assigned, their respective court staff, and the

parties' counsel in this litigation.  This suit seeks only damages and injunctive relief for recovery

of economic injury on behalf of the Class; it does not seek recovery for personal injury and

claims related thereto.

34.     Because auto-dialing equipment maintains records of each contact, members of

the above-defined classes can be identified through ADT's records.

35.     **Numerosity**.  The exact size of the class is information within the exclusive

knowledge of ADT, but Plaintiff believes there are at least thousands of Class members.  This

allegation is likely to have evidentiary support after a reasonable opportunity for further

investigation or discovery.  This allegation is based on the following information: (1) ADT

services 8 million customers; (2) the purpose of automated dialers is to call numerous persons in

a short amount of time; and (3) consumers have lodged complaints online about unwanted calls received from ADT.

36.     The alleged size and geographic dispersal of the Class makes joinder of all Class members impracticable.

37.     **Commonality and Predominance**.  Common questions of law and fact exist with regard to each of the claims and predominate over questions affecting only individual Class members.  Questions common to the Class include:

(a)     Whether ADT's or its agent's dialing system(s) constitute an automatic telephone dialing system under the TCPA;

(b)     Whether ADT or its agent used an automatic telephone dialing system to place telemarketing calls on the cellular telephones of Plaintiff and Class members without their prior express written consent;

(c)     Whether ADT or its agent used an artificial or prerecorded voice in connection with the placement of telemarketing calls on the cellular telephones of Plaintiff and Class members without their prior express consent;

(d)     Whether ADT's telephone calls were made knowingly or willfully;

(e)     Whether Plaintiff and Class members were damaged by receiving ADT's calls; and

(f)     Whether ADT should be enjoined from engaging in such conduct in the future.

38.     **Typicality**.  Plaintiff's claims are typical of the claims of the Class, in that Plaintiff, like all Class members, has been injured by ADT's uniform misconduct— the

placement of telemarketing calls on cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice without prior express written consent.

39.     **Adequacy of Representation**.  Plaintiff will fairly and adequately protect the interests of the Class and is committed to the vigorous prosecution of this action.  Plaintiff has retained counsel experienced in complex consumer class action litigation and matters involving TCPA violations.

40.     **Superiority**.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and because of ADT's financial resources, class members are unlikely to pursue legal redress individually for the violations detailed in this complaint.  Class-wide damages are essential to induce ADT to comply with Federal law.  Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings.  By contrast, a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

41.     Class certification is also appropriate under Rule 23(b)(2) because ADT has acted and refused to act on grounds that apply generally to the Class such that final injunctive and/or declaratory relief is warranted with respect to the Class as a whole.

**FIRST CLAIM FOR RELIEF**
**Negligent Violation of the Telephone Consumer Protection Act**
**47 U.S.C. §§ 227, *et seq***

42.     Plaintiff incorporates the above allegations by reference.

43.     ADT used an automatic telephone-dialing system and/or an artificial or prerecorded voice to make telemarketing calls to the cellular telephones of Plaintiff and Class members, without their prior express written consent.

44.     The foregoing acts and omissions constitute negligent violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §§ 64.1200(a)(1)(iii) and 64.1200(a)(2).

45.     Under 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged negligent violations of the TCPA, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call placed in violation of the TCPA.

46.     Plaintiff and Class members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

**SECOND CLAIM FOR RELIEF**
**Knowing or Willful Violation of the Telephone Consumer Protection Act**
**47 U.S.C. §§ 227, *et seq***

47.     Plaintiff incorporates the above allegations by reference.

48.     ADT used an automatic telephone-dialing system and/or an artificial or prerecorded voice to make telemarketing calls to the cellular telephones of Plaintiff and Class members, without their prior express written consent.

49.     The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §§ 64.1200(a)(1)(iii) and 64.1200(a)(2).

50.     Under 47 U.S.C. § 227(b)(3)(C), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiff and Class Members are entitled to an award of $1,500.00 in statutory damages for each and every call placed in violation of the statute.

51.     Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class defined above, respectfully requests that this Court:

(a)     Determine that the claims alleged herein may be maintained as a class action under Federal Rule of Civil Procedure 23, and issue an order certifying the classes defined above and appointing Plaintiff as the Class representative;

(b)     Award $500 in statutory damages for each and every call that ADT or its agent negligently placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

(c)     Award $1,500 in statutory damages for each and every call that ADT or its agent willfully or knowingly placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

(d)     Grant appropriate injunctive and declaratory relief, including, without limitation, an order requiring ADT to implement measures to stop future violations of the TCPA; and

(e)     Grant such further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.


Dated: December 4, 2018                    Respectfully submitted,


                                           By: *Adam M. Moskowitz, Esq.*
                                           Adam M. Moskowitz, Esq.
                                           adam@moskowitz-law.com
                                           Howard M. Bushman, Esq.
                                           howard@moskowitz-law.com

Adam A. Schwartzbaum, Esq.
adams@moskowitz-law.com
THE MOSKOWITZ LAW FIRM, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Tel: (305) 740-1423


By:      /s/ *Simon S. Grille*
Daniel C. Girard (*pro hac vice* forthcoming)
Simon S. Grille (*pro hac vice* forthcoming)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Tel: (415) 981-4800
dcg@girardgibbs.com
sg@girardgibbs.com

*Counsel for Plaintiff and the Proposed Class*