UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 1:18-cv-25077-MGC

JO LYNNE TADLOCK,

   Plaintiff,

      v.

ADT LLC,

   Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant ADT LLC ("ADT"), by and through its undersigned attorneys, hereby file its answer and affirmative defenses to the Complaint. ADT denies each and every allegation not specifically admitted, qualified, or explained and, in response to each of the numbered allegations in the Complaint, states as follows:

### SUMMARY OF THE ACTION

1. ADT admits that Plaintiff is not a customer of ADT. ADT denies knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 1 of the Complaint, but specifically denies that ADT or one of its agents placed the call in question to Plaintiff.

2. ADT admits that Plaintiff brings this action for alleged violations of the Telephone Consumer Protection Act ("TCPA"). ADT otherwise denies the remaining allegations contained in Paragraph 2 of the Complaint and specifically denies that it has violated the TCPA.

## PARTIES

3.     ADT admits that it is a Delaware limited liability company and otherwise admits the remaining allegations contained in Paragraph 3 of the Complaint.

4.     ADT denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.     The allegations contained in Paragraph 5 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is necessary, ADT admits the allegations contained in Paragraph 5 of the Complaint.

6.     The allegations contained in Paragraph 6 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is necessary, ADT admits the allegations contained in Paragraph 6 of the Complaint.

7.     The allegations contained in Paragraph 7 of the Complaint assert legal conclusions to which no response is required.  To the extent a response is necessary, ADT admits the allegations contained in Paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

**A. ADT or its Agent Used An Autodialer and an Artificial or Prerecorded Voice to Make Telemarketing Calls to Plaintiff's Cellular Phone.**

8.     ADT denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8 of the Complaint.

9.     ADT denies that it or one of its agents placed the call in question, and otherwise denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the Complaint.

10. ADT denies that it or one of its agents placed the call in question, and otherwise denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Complaint.

11. ADT denies that it or one of its agents placed the call in question, and otherwise denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the Complaint.

12. ADT denies that the phone number alleged in Paragraph 12 of the Complaint is used by ADT or any of its agents, and otherwise denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the Complaint.

13. ADT denies that it or one of its agents placed the call in question, and otherwise denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the Complaint.

14. ADT denies that it or one of its agents placed the calls in question, and otherwise denies knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of Paragraph 14 of the Complaint.  ADT admits that Plaintiff is not an ADT customer and, to that extent, she has no prior affiliation with ADT as alleged in the second sentence contained in Paragraph 14 of the Complaint.

15. ADT denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of the Complaint.

16. ADT admits that it is aware of the TCPA's prohibitions and requirements, and that it complies with the TCPA, but denies that it or one of its agents placed the call in question.

17. ADT denies the allegations contained in Paragraph 17 of the Complaint.

18. ADT denies the allegations contained in Paragraph 18 of the Complaint.

19. ADT denies the allegations contained in Paragraph 19 of the Complaint.

**B. ADT or its Agent Used an Automatic Telephone Dialing System and an Artificial or Pre-Recorded Voice.**

20. ADT denies the allegations contained in Paragraph 20 of the Complaint.

21. ADT denies that it or one of its agents placed the call in question, and that ADT uses an ATDS, and otherwise denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 of the Complaint.

22. ADT admits that it is a publicly traded company that services approximately eight million customers, but denies that it uses a "phone system capable of storing phone numbers and dialing them automatically."

23. ADT denies the allegations contained in Paragraph 23 of the Complaint.

24. ADT denies the allegations contained in Paragraph 24 of the Complaint.

25. ADT admits the allegations contained in Paragraph 25 of the Complaint.

26. ADT denies the allegations contained in Paragraph 26 of the Complaint.

27. ADT denies that it or one of its agents placed the call in question, and otherwise denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of the Complaint.

**C. ADT's Violations of the TCPA Harmed Plaintiff.**

28. ADT denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 28 of the Complaint.

29. ADT denies the allegations contained in the first sentence of Paragraph 29 of the Complaint, and specifically denies that it or one of its agents placed the call in question. ADT denies knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 29 of the Complaint.

30. ADT denies that it or one of its agents placed the call in question, and otherwise denies knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 of the Complaint.

## CLASS ACTION ALLEGATIONS

31. The allegations asserted in Paragraph 31 of the Complaint assert legal conclusions to which no response is required. To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

32. The allegations asserted in Paragraph 32 of the Complaint assert legal conclusions to which no response is required. To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

33. The allegations asserted in Paragraph 33 of the Complaint assert legal conclusions to which no response is required. To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

34. ADT denies that it uses an ATDS. ADT further responds that the remaining allegations contained in Paragraph 34 of the Complaint assert legal conclusions to which no response is required. To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

35. The allegations asserted in Paragraph 35 of the Complaint assert legal conclusions to which no response is required. To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

36. The allegations asserted in Paragraph 36 of the Complaint assert legal conclusions to which no response is required. To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

37. The allegations asserted in Paragraph 37 of the Complaint, including all of its subparts, assert legal conclusions to which no response is required. To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

38. The allegations asserted in Paragraph 38 of the Complaint assert legal conclusions to which no response is required. To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

39. The allegations asserted in Paragraph 39 of the Complaint assert legal conclusions to which no response is required. To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

40. The allegations asserted in Paragraph 40 of the Complaint assert legal conclusions to which no response is required.  To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

41. The allegations asserted in Paragraph 41 of the Complaint assert legal conclusions to which no response is required.  To the extent an answer is necessary, ADT denies the allegations contained in the Paragraph, denies that Plaintiff is entitled to bring this action on behalf of a class, and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

### FIRST CLAIM FOR RELIEF
### Negligent Violation of the Telephone Consumer Protection Act
### 47 U.S.C. §§ 227, *et seq.*

42. ADT repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 41 of the Complaint as though set forth again in full.

43. ADT denies the allegations contained in Paragraph 43 of the Complaint.

44. ADT denies the allegations contained in Paragraph 44 of the Complaint.

45. ADT denies the allegations contained in Paragraph 45 of the Complaint.

46. ADT denies the allegations contained in Paragraph 46 of the Complaint.

### SECOND CLAIM FOR RELIEF
### Knowing or Willful Violation of the Telephone Consumer Protection Act
### 47 U.S.C. §§ 227, *et seq.*

47. ADT repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 46 of the Complaint as though set forth again in full.

48. ADT denies the allegations contained in Paragraph 48 of the Complaint.

49. ADT denies the allegations contained in Paragraph 49 of the Complaint.

50. ADT denies the allegations contained in Paragraph 50 of the Complaint.

51. ADT denies the allegations contained in Paragraph 51 of the Complaint.

## PRAYER FOR RELIEF

With respect to Plaintiff's Prayer for Relief included at the conclusion of Plaintiff's Complaint:

(a) ADT denies that Plaintiff is entitled to an Order certifying any class as sought in Paragraph (a). Further, ADT denies that Plaintiff is entitled to bring this action on behalf of a class and denies that Plaintiff meets any of the requirements of Fed. R. Civ. P. 23.

(b) ADT denies that Plaintiff is entitled to any award of damages as sought in Paragraph (b).

(c) ADT denies that Plaintiff is entitled to any award of damages as sought in Paragraph (c).

(d) ADT denies that that Plaintiff is entitled to any declaratory or injunctive relief as sought in Paragraph (d).

(e) ADT denies that Plaintiff is entitled to any other relief as sought in Paragraph (e).

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted against ADT.

### Second Affirmative Defense

The claims of certain putative class members are barred to the extent that some or all of the members of the putative class consented to receive the calls over which they complain.

### Third Affirmative Defense

Plaintiff's and each putative class member's claims for relief are barred by their failure to mitigate damages.

### Fourth Affirmative Defense

Plaintiff's and each putative class member's claims for relief are barred because Plaintiff and each putative class member lacks standing to assert any claims against ADT.

### Fifth Affirmative Defense

Plaintiff's and each putative class member's claims for relief are barred by the doctrine of unclean hands, doctrine of waiver, estoppel, and/or release.

### Sixth Affirmative Defense

Plaintiff's and each putative class member's claims for relief are barred or limited because the damages or injuries to Plaintiff and the putative class members, to the extent any exist, were caused in whole or in part by the acts or omissions of third parties over which ADT had and has no control, and/or by the acts or omissions of Plaintiff or the putative class members.

### Seventh Affirmative Defense

Plaintiff's and each putative class member's purported claims for injunctive and/or declaratory relief are barred because Plaintiff and each putative class member cannot show that they have suffered or will suffer any irreparable harm or future harm from ADT's alleged actions.

### Eighth Affirmative Defense

Plaintiff's and each purported class member's purported claims for equitable relief, including but not limited to claims for an injunction and/or declaratory relief, are barred because they have an adequate remedy at law.

### Ninth Affirmative Defense

To the extent that the Complaint seeks treble damages, it violates ADT's rights to protection against excessive fines, and equal protection and procedural and substantive due process under the Fifth and Fourteenth Amendment to the U.S. Constitution and, therefore, fails to state a basis upon which such damages may be awarded.

### Tenth Affirmative Defense

Plaintiff has failed to join necessary, indispensable, and/or proper parties.

### Eleventh Affirmative Defense

Each putative class member's claims for damages may be limited by the limitation on damages provision contained in a valid and binding contract between each putative class member and ADT.

### Twelfth Affirmative Defense

Plaintiff's and each putative class member's purported claims for relief are barred for failure to satisfy the criteria for class certification in accordance with Fed. R. Civ. P. 23.

### Thirteenth Affirmative Defense

In the event that a putative class is certified, ADT reserves all rights to assert any and all other and further defenses against any member of the class that may be certified.

### Fourteenth Affirmative Defense

ADT expressly reserves the right to raise additional affirmative or other defenses that may be established by discovery and the evidence in this case.

**WHEREFORE,** ADT requests that this Court enter a judgment as follows:

1. dismissing the Complaint in its entirety with prejudice;

2. awarding ADT its costs of suit including reasonable attorneys' fees; and

3. other and further relief that this Court deems just and proper.

Dated:  January 29, 2019	Respectfully submitted,

**McNEW P.A.**

/s/ C. Sanders McNew
_____
C. Sanders McNew
mcnew@mcnew.net
Florida Bar No. 0090561
2385 NW Executive Center Drive, Suite 100
Boca Raton, Florida  33431
Tel:  (561) 299-0257
Fax: (561) 299-3705

*-and-*

**Venable LLP**

Daniel S. Blynn (*pro hac vice* to be made)
dsblynn@venable.com
Mary M. Gardner (*pro hac vice* to be made)
mmgardner@venable.com
600 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202) 344-4000
Fax: (202) 344-8300

*Attorneys for the Defendant, ADT LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January, 2019, I caused a true and correct copy of the foregoing Answer to be served by CM/ECF on all parties listed to receive electronic service for this case.

s/ C. Sanders McNew
_____
C. Sanders McNew